Judge Christopher M. Alston
Hearing Location: Room 7206
700 Stewart St., Seattle, WA 98101
Hearing date: June 9, 2017
Hearing time: 9:30 a.m.
**Response due**: June 2, 2017

UNITED STATES BANKRUPTCY COURT FOR
THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| IN RE: | ) CHAPTER 7 |
| | ) CASE NO. 16-15759-CMA |
| LELAND P. DAVIS AND JANA DAVIS, | ) |
| | ) TRUSTEE'S **AMENDED** OPPOSITION TO |
| | ) DEBTORS' MOTION TO ABANDON |
| Debtors. | ) PURSUANT TO 11 U.S.C. §554(b) |
| | ) |

COMES NOW the trustee in the above entitled case, Edmund J. Wood, and opposes the Debtors' Motion to Abandon Pursuant to §554(b) (the, "Motion"). This memorandum in opposition to the Motion is based upon the Trustee's Declaration in Support of Opposition to Debtor's Motion to Abandon Real Estate (the, "Trustee Declaration"), the Declaration of Tyrone Bafaro in Support of Opposition to Debtor's Motion to Abandon Real Estate (the, "Bafaro Declaration) filed herewith and other pleadings from the Court record referenced herein.

INTRODUCTION

The Debtors fail to support the Motion with any affidavits or declarations. Under applicable law, as discussed below, they have the burden of proving that the Court should compel abandonment and grant the Motion. The Debtors, having not established a sufficient factual or evidentiary record, do not satisfy that burden. The evidence which the Trustee presents herewith and this memorandum in any event shows that the grounds for abandonment do not exist pursuant to §554(b).

TRUSTEE'S OPPOSITION - 1

KRIEGMAN LAW OFFICE, PLLC
2100 One Union Square
600 University Street
Seattle, WA 98101
(206) 903-0344

RELEVANT BACKGROUND

The Debtors filed a Chapter 7 petition commencing the present case on November 16, 2016. The Debtors' bankruptcy Schedules A and D filed with the petition lists their residence located in the Sunset Hills neighborhood of Ballard in Seattle at 3624 NW 65th Court (the, "Property") with fair market value of $1.15 million and subject to secured claims totaling about $1.47 million. ECF Dckt# 1 at pp. 8, 21. The Trustee investigated the assets listed in the Debtors' bankruptcy schedules including the Property and the Debtors' financial affairs; and examined the Debtors at their creditors' meeting. Trustee's Declaration at 1, lines 26-27 and at 2, lines 1. The Trustee's investigation included consultations about the Property with experienced real estate agents, Chad Tharp and Tyrone Bafaro of Keller Williams Eastside, whom he employed upon Court order entered on April 19th. Id. at 2, lines 1-4.

Based upon the Trustee's investigation, the advice of Messrs. Tharp and Bafaro, his more than 25 years experience as a trustee in valuing and selling real estate, and taking into account all other relevant factors, the Trustee determined that the Estate has non-exempt equity in the Property and that the Property is of consequential value and not burdensome to the Estate. The evaluation the Trustee received from Messrs. Tharp and Bafaro is that the Property has a value of at least $1.65 million and that the Property will likely attract multiple competing bids that could result in a higher sale price. Id. at 2, lines 15-17; and Bafaro Declaration at 2, lines 7-9.

The real estate market in Seattle tops the nation in home price growth and appreciation. Trustee's Declaration at 2, lines 19-20. A May 30, 2017 news story published in the Seattle Times (a copy of which is attached to the Trustee's Declaration as Exhibit A) reports that Seattle metro area home prices increased by 12.3% over a one year period, the fastest growth in more than three years. Id., lines 21- 25. Data collected by Redfin, according to the Times report shows that "about 90 percent of houses for sale in the city of Seattle over the last two months wound up in a bidding war" which is the

TRUSTEE'S OPPOSITION - 2

KRIEGMAN LAW OFFICE, PLLC
2100 One Union Square
600 University Street
Seattle, WA 98101
(206) 903-0344

Case 16-15759-CMA    Doc 29    Filed 06/02/17    Ent. 06/02/17 17:18:00    Pg. 2 of 6

most since records began at the start of this decade. Id., lines 26-27 and at 3, line 1. The demand for homes in Seattle remains extremely high while inventory remains low. Trustee's Declaration at 3, line 4; and Bafaro Declaration at 2, lines 7-8.

The Property has a view of Elliott Bay which the Trustee's agents advise him is one of the best views if not the best view in the Sunset Hills neighborhood. Trustee's Declaration at 3, lines 6-7; and Bafaro Declaration at 2, lines 3-4. In addition, it appears that the view cannot be blocked since the properties across from it are situated at quite a lower grade. Trustee's Declaration at 3, lines 7-9.

The Trustee's agents recently listed the Property with the Multiple Listing Service ("MLS"). The listing has attracted a great deal of attention and interest. Id., lines 10-11; and Bafaro Declaration at 2, lines 10-11. The Trustee's agents, in consideration of requests of the Debtors and as a courtesy to them, have not posted a "for sale" sign on the Property; and included as part of the MLS listing instructions for buyers' agents to call the Debtors 24 hours ahead of the desired showing. Bafaro Declaration at 2, lines 14-17. The agents have received verbal and written reports from buyer agents that the Debtors have acted uncooperatively with the Estate. Id., lines 20-21. The reports show that (a) Ms. Davis told a buyer's agent that the Trustee would be abandoning the Property after a Court hearing on the Motion; (b) the Debtors have been slow in returning the calls of buyer's agent who want to show the Property; and (c) Mr. Davis has made negative statements during a showing apparently to discourage offers. Id., lines, 20-26.

The secured claims consists of a first deed of trust for approximately $1.3 million and junior deeds of trust that appear to belong to insiders of the Debtors aggregating to about $479,000. Trustee's Declaration at 3, lines 22-24. There is a question about the legality of the loan related to the first deed of trust in as much as it includes an adjustable rate rider that allows interest to increase to as much as 16.3%. Id., lines, 25-26. The Estate thus has potential claims under Washington usury law in regard to

TRUSTEE'S OPPOSITION - 3

KRIEGMAN LAW OFFICE, PLLC
2100 One Union Square
600 University Street
Seattle, WA 98101
(206) 903-0344

the first deed of trust. Id., lines 26-27. There is also evidence that the junior liens are subject to avoidance or invalidation because the underlying loan interest is 15% and the demand notes for the loans are older than six years with the Debtor having apparently made few if any payments. Id. at 3, line 27 and at 4, lines 1-3. The Trustee expects to determine appropriate action at a later date to address the foregoing matters. Id. at 4, lines 3-4.

ARGUMENT

A motion to abandon property of the estate is governed by 11 U.S.C. §554(b) which provides for abandonment if the property is (1) burdensome to the estate or (2) of inconsequential value and inconsequential benefit to the estate. *In re Viet Vu*, 245 BR 644 (9th Cir. BAP 2000); and *Morgan v. K.C. Mach. & Tool Co.* (In re K.C. Mach. & Tool Co.), 816 F.2d 238, 245 (6th Cir.1987). It is well established that the party bringing the motion to compel abandonment has the burden of proof. *In re Viet Vu,* supra at 647. Abandonment is not available where administration of property of the estate promises a potential benefit to creditors. *Morgan v. K.C. Mach. & Tool Co.,* supra at 247.

The Property is neither burdensome to the estate nor of inconsequential value or benefit to the estate. The Property has one of the best views in the highly sought after Sunset Hills neighborhood of Ballard. In addition, it appears that the view is not subject to blockage since the properties across from it are at a lower grade. The Trustee has listed the Property with the MLS; and the listing has attracted a great deal of attention and interest. The Property has a value of at least $1.65 million and it is likely that there will be competitive bids which could result in a higher sale price.

The Debtors, who may have intentionally understated the value of the Property listed its value in their originally filed schedules at $1.15 million. But admit in the Motion that the Property is actually worth $1.65 million or $500,000 more than what they stated on the date of bankruptcy filing.

KRIEGMAN LAW OFFICE, PLLC
2100 One Union Square
600 University Street
Seattle, WA 98101
(206) 903-0344

The Estate has claims with respect to both the senior deed of trust and the junior deeds of trust which are further establishes that the Property is of consequential value to the Estate. All of the loans secured by the deeds of trust appear to have been based upon interest rates that are usurious under State law which gives rise to a damage claim for the Estate. 11 USC §558; and see RCW 19.50.030. The junior deeds of trust are subject to avoidance and/or invalidation since it appears that that the Debtors failed to make any payments on the underlying demand notes which under the six year statute of limitation (RCW 4.16.040) renders the secured claims unenforceable. RCW 7.28.300 (a mortgage is void if the debt is void); and *Walcker v. Benson & McLaughlin*, 79 Wash.App. 739 (1995).

The Debtors do not come before the Court with "clean hands." They have failed to cooperate with the Trustee's agents in showing and marketing the Property, failing to timely respond to calls of buyers' agents and running interference by making comments to potential buyers to discourage their interest. It is thus disingenuous of the Debtors to argue that the Estate cannot realize value for the Property or that it should be abandoned. The Trustee is entitled to unfettered access to the Property and to have the time needed to show and market it.

The Debtors' true focus in the Motion is primarily on their own benefit even though their schedules show that they lack sufficient income to service the mortgage on the Property. By its terms Section 554(b) centers on the interest of the bankruptcy estate. It says nothing about the interest of a debtor. The interest of the estate, not the interest of the debtor is the primary consideration in evaluating whether property of the estate should be abandoned. *In re Johnson,* 49 F.3d 538, 541 (9th Cir. 1995). The Trustee has shown beyond serious question that it is not in the Estate's best interest to abandon the Property. The Property is thus not of inconsequential value or burdensome to the Estate and thus there are no grounds for granting the Motion.

TRUSTEE'S OPPOSITION - 5

KRIEGMAN LAW OFFICE, PLLC
2100 One Union Square
600 University Street
Seattle, WA 98101
(206) 903-0344

Case 16-15759-CMA    Doc 29    Filed 06/02/17    Ent. 06/02/17 17:18:00    Pg. 5 of 6

CONCLUSION

The Debtors have failed to meet their burden of proving the existence of grounds for abandonment pursuant to §554(b). Therefore, the Motion must be denied.

Dated this  2nd  day of June, 2017

KRIEGMAN LAW OFFICE, PLLC


/s/ Bruce P. Kriegman
Bruce P. Kriegman, WSBA# 14228
Attorneys for Trustee

TRUSTEE'S OPPOSITION - 6

KRIEGMAN LAW OFFICE, PLLC
2100 One Union Square
600 University Street
Seattle, WA 98101
(206) 903-0344

Case 16-15759-CMA    Doc 29    Filed 06/02/17    Ent. 06/02/17 17:18:00    Pg. 6 of 6