Judge Christopher M. Alston
Hearing Location: Room 7206
700 Stewart St., Seattle, WA 98101
Hearing date: October 12, 2017
Hearing time: 1:30 p.m.
**Responses due**: October 5, 2017

UNITED STATES BANKRUPTCY COURT FOR
THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| IN RE: | ) CHAPTER 7 |
| | ) CASE NO. 16-15759-CMA |
| LELAND P. DAVIS AND JANA DAVIS, | ) |
| | ) TRUSTEE'S SECOND SUPPLEMENTAL |
| | ) MEMORANDUM IN OPPOSITION TO |
| | ) DEBTORS' MOTION TO ABANDON |
| Debtors. | ) REAL ESTATE PURSUANT TO 11 U.S.C. |
| | ) §554(b) |

COMES NOW the trustee in the above entitled case, Edmund J. Wood, and submits this **second** memorandum supplementing the Trustee's Amended Opposition to Debtors' Motion to Abandon Pursuant to 11 U.S.C. §554(b) (Docket No. 29) opposing the Debtors' Motion to Abandon Interest in Property Pursuant to §554(b) (Docket No. 24, hereafter the "Motion"). The Trustee's previous memoranda and related pleadings opposing abandonment are incorporated by reference herein. This memorandum is based upon the Declaration of Trustee's Attorney in Support of Trustee's Second Supplemental Memorandum in Opposition to Debtors' Motion to Abandon Real Estate filed herewith (hereafter the "Declaration") and the Court record of this case.

RELEVANT BACKGROUND

In the Motion the Debtors seek an order to compel the Trustee to abandon the residential real property of the estate located at 3624 NW 65th Court in the Sunset Hills neighborhood of Seattle (the, "Property"). The value of the Property, which is the subject of the Trustee's pending motion for

TRUSTEE'S MEMORANDUM - 1

KRIEGMAN LAW OFFICE, PLLC
2100 One Union Square
600 University Street
Seattle, WA 98101
(206) 903-0344

Case 16-15759-CMA    Doc 68    Filed 10/05/17    Ent. 10/05/17 20:04:46    Pg. 1 of 6

approval of sale discussed below, is $1.15 million. The Debtors do not dispute that value. *See,* page 2 of Docket No. 55 (Debtors' Motion to Allow Exemptions).

The following is a summary of developments since the last hearing on this matter in August:

1. The Court, after hearing oral argument, entered the Order on Trustee's Motion to Compel Debtors' Cooperation on August 22, 2017 directing the Debtors to cooperate with the Trustee and his real estate agents on selling the Property. Docket No. 52.

2. On September 8, 2017, the Trustee filed his motion to approve the short sale of the Property (Docket No. 56 and 57) for $1.15 million subject to a carve out to the bankruptcy estate of $60,750 which he noted for the same date as the continued hearing on the Motion (October 12th). Declaration at page 1, line 26 - page 2, lines 1-3. The Trustee continued the hearing on the sale motion to the Court's motion calendar on November 17, 2017, in adherence to the policies of this Court, while he obtains the written approval for the sale from the senior lien holder, Bank of New York Mellon as trustee for certificateholders of CWABS, Inc. (asset backed certificates)[hereafter the "Bank"]. Id. at page 2, lines 3-7.

3. On September 18, 2017, upon the motion of the Debtors, the Court entered the Order On Debtors' Objection and Motion to Disallow Proofs of Claims No. 1 & 2 Filed by Calvary SPV I, LLC Under 11 U.S.C. §502 and FRBP 3007 disallowing claim number 1 and 2. Docket No. 63.

4. On September 26, 2017, Cathy Harber filed a proof of claim for an alleged secured claim (Claims Register, Claim No. 9) for $47,500 junior to the Bank. On September 28, 2017, Randy and Lori Davis filed a proof of claim for their alleged secured claim (Claims Register, Claim No. 10) for about $289,457 (based upon a principal claim amount of $98,000) junior to Ms. Harber. Declaration at page 2, lines 8-11.

TRUSTEE'S MEMORANDUM - 2

KRIEGMAN LAW OFFICE, PLLC
2100 One Union Square
600 University Street
Seattle, WA 98101
(206) 903-0344

Case 16-15759-CMA    Doc 68    Filed 10/05/17    Ent. 10/05/17 20:04:46    Pg. 2 of 6

5. As set forth in the Trustee's first supplemental memorandum in opposition to the Motion (Docket 39) and related pleadings on file with the Court, the Trustee asserts various substantially similar grounds for avoiding and/or invalidating both the secured claims of Ms. Harber, and Randy and Lori Davis (e.g., expiration of statute of limitations and usury). Id., lines 13-16. On September 26th and October 2nd, respectively, the Trustee filed objections to Ms. Harber's claim (Docket No. 64) and the Davises' claim (Docket No. 65) which are noted for hearing on the Court's November 3, 2017 motion calendar. Id., lines 16-19.

6. The Trustee and Ms. Harber have reached a resolution of his objection to her claim which the undersigned is in the process of memorializing in a written stipulated order that will soon be presented to the Court for allowance of a general unsecured claim to Ms. Harber of $23,750 and preservation of her lien and lien rights in favor of the bankruptcy estate. Id. at page 2, lines 20-24.

7. The Trustee is communicating with the attorney for Randy/Lori Davis on a potential resolution of his objection to their claim. Id., lines 25-26. If such resolution is reached he anticipates presenting a stipulated order and if it is not reached, the Trustee's proceed with the hearing on his objection to the Davies' claim on November 3rd. Id., line 26 and at page 3, lines 1-2.

According to the claims register for the case, ten proofs of claim have been filed with the Court. Of those claims, five have either been withdrawn or disallowed. Id. 3, lines 3-4. The claims that remain may be summarized as follows: amended Claim Numbers 5 of Discover Bank for $13,446.44; Claim No. 6 of Resurgent Capital Services for $201.01; Claim No. 8 of State Farm & Casualty Company ("State Farm") for $80,285.13; and Claim Nos. 9 and 10 of, respectively, of Ms. Harber and the Davises in the amounts identified above. Id. at page 3, lines 4-9. Claim numbers 5 and 8 are judgment lien claims junior to Harber and the Davises. Id., line 9.
TRUSTEE'S MEMORANDUM - 3

KRIEGMAN LAW OFFICE, PLLC
2100 One Union Square
600 University Street
Seattle, WA 98101
(206) 903-0344

Case 16-15759-CMA    Doc 68    Filed 10/05/17    Ent. 10/05/17 20:04:46    Pg. 3 of 6

The Trustee has collected approximately $6,700 to date which with the funds anticipated from the carve out with the Bank would bring the total funds in the estate to $37,075. Id., lines 10-12. The Trustee, upon Court approval, has hired special counsel who is in the process of pursuing claims of the bankruptcy estate in state Court litigation that may yield additional funds. Id., lines 12-15.

ANALYSIS AND ARGUMENT

A motion to abandon property of the estate is governed by 11 U.S.C. §554(b) which provides for abandonment if the property is (1) burdensome to the estate or (2) of inconsequential value and inconsequential benefit to the estate. *In re Viet Vu*, 245 BR 644 (9th Cir. BAP 2000); and *Morgan v. K.C. Mach. & Tool Co. (In re K.C. Mach. & Tool Co.)*, 816 F.2d 238, 245 (6th Cir.1987). It is well established that the party bringing the motion to compel abandonment has the burden of proof. *In re Viet Vu,* supra at 647. Abandonment is not available where administration of property of the estate promises a potential benefit to creditors. *Morgan v. K.C. Mach. & Tool Co.,* supra at 247. The interest of the estate, *not* the interest of the debtor is the primary consideration in evaluating whether property of the estate should be abandoned. *In re Johnson,* 49 F.3d 538, 541 (9th Cir. 1995).

The Property is neither burdensome to the estate nor of inconsequential value or benefit to the estate. The Trustee has signed a written agreement to sell the property for $1.15 million subject to a carve out of $60,750 with half of that sum earmarked for payment of general unsecured claims. The Trustee's motion for approval of the sale is set for a November 17th hearing pending the Trustee obtaining written approval for sale from the Bank. With about $6,700 which the Trustee has collected to date and the anticipated funds for unsecured creditors from the carve out, the Trustee estimates a total of $37,075 for payment of claims. The bankruptcy estate may realize additional funds from the pending State court litigation.

TRUSTEE'S MEMORANDUM - 4

KRIEGMAN LAW OFFICE, PLLC
2100 One Union Square
600 University Street
Seattle, WA 98101
(206) 903-0344

Case 16-15759-CMA    Doc 68    Filed 10/05/17    Ent. 10/05/17 20:04:46    Pg. 4 of 6

In light of the value of the Property and the amount of the Bank's secured claim, the Trustee believes that there is no equity to which the lien claims of the Davises, Discover Bank or State Farm attach. Accordingly, he believes those claims do not qualify for a classification higher than general unsecured. If the five claims on the claims register are allowed as general unsecured claims (inclusive of the amount stipulated between the Trustee and Ms. Harber), according to the Trustee estimates, claims will total approximately $407,000. As indicated above, the Trustee does not believe that the Davises have an allowable claim for the full amount asserted in their proof of claim and thus he expects the total of allowable general unsecured claims will be substantially less $407,000. If the Davises' claim is disallowed the Trustee estimates that allowable claims would total about $118,000. Assuming an estate of at least $37,075, the estimated range of the potential dividend to creditors with allowed claims is between 9% to 31%.

Section 554(b) was amended in 1984 to require a finding of both inconsequential value and inconsequential benefit to the estate before the Court can compel abandonment. *In re Garcia*, 521 B.R. 680, 685 (Bankr.ID 2014) ("'[B]enefit' and 'value' are not synonymous). Value is determined by evaluating how much an asset is worth while benefit is determined by evaluating whether a sale of an asset will increase funds available for distribution to creditors. *See, Morgan v. K.C. Mach. & Tool Co.,* supra at 246-47. The sale of the Property is expected to generate enough value to increase the funds available for distribution. The Property is thus of consequential value and benefit to the Estate. The Debtors have failed to meet their burden to prove the grounds for abandonment and, in any event, the grounds for abandonment do not exist in the circumstances of this case.

TRUSTEE'S MEMORANDUM - 5

KRIEGMAN LAW OFFICE, PLLC
2100 One Union Square
600 University Street
Seattle, WA 98101
(206) 903-0344

Case 16-15759-CMA    Doc 68    Filed 10/05/17    Ent. 10/05/17 20:04:46    Pg. 5 of 6

## CONCLUSION

Therefore, there is no basis for compelling abandonment and the Motion must be denied.

Dated this  5th day of October, 2017

KRIEGMAN LAW OFFICE, PLLC


/s/ Bruce P. Kriegman
Bruce P. Kriegman, WSBA# 14228
Attorneys for Trustee

TRUSTEE'S MEMORANDUM - 6

KRIEGMAN LAW OFFICE, PLLC
2100 One Union Square
600 University Street
Seattle, WA  98101
(206) 903-0344

Case 16-15759-CMA    Doc 68    Filed 10/05/17    Ent. 10/05/17 20:04:46    Pg. 6 of 6